[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 25, 2010
JOHN LEY
CLERK

No. 09-15968
Non-Argument Calendar
_____

Agency No. A094-828-243


ROBERTO CLEMENTE GOMEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 25, 2010)

Before EDMONDSON, BLACK and MARTIN, Circuit Judges.

PER CURIAM:

Roberto Clemente Gomez, a native and citizen of Nicaragua, petitions for review of the order by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied withholding of removal.[*] No reversible error has been shown; we deny the petition.

We review only the decision of the BIA except to the extent that the BIA expressly adopts the IJ's decision. Mehmeti v. U.S. Attorney Gen., 572 F.3d 1196, 1199 (11th Cir. 2009). Insofar as the BIA adopts the IJ's reasoning in affirming its decision, we review those aspects of the IJ's decision as well. Id.

We review legal determinations de novo. Id. And we review fact determinations under the "highly deferential" substantial evidence test: we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (citation omitted). Thus, we may reverse "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Id. (citation omitted).

To qualify for withholding of removal, an alien must demonstrate that, if removed, it is more likely than not that his life or freedom would be threatened on

---

[*]Gomez abandons review of the portion of the decision denying asylum as untimely and relief under the Convention Against Torture because he offers no arguments on these claims. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that petitioner abandons an issue by failing to offer argument on that issue).

account of a protected ground, including political opinion. Silva v. U.S. Attorney Gen., 448 F.3d 1229, 1243 (11th Cir. 2006); see also 8 U.S.C. § 1231(b)(3). "If the applicant can show that the persecution was, at least in part, motivated by a protected ground, then the applicant can establish eligibility for withholding of removal." Tan v. U.S. Attorney Gen., 446 F.3d 1369, 1375 (11th Cir. 2006).

Gomez sought relief because he had been targeted by gangs in Nicaragua. Gang members first stopped Gomez and robbed him of his money. A few months later, gang members again approached Gomez and attacked him when he told them he had no money with him. Gomez filed a criminal complaint; and the police arrested two gang members. But these gang members later were released because no witnesses came forward and insufficient evidence existed to prosecute the gang members. Later, one of the arrested gang members threatened Gomez because he had gone to the police.

The IJ concluded that Gomez presented no evidence to suggest that the motivation of the gangs to target Gomez was in any significant part motivated by one of the protected grounds. The BIA agreed that Gomez had presented insufficient evidence of a nexus between his experiences and an enumerated ground and noted that Gomez was the victim of criminal activity and related

revenge. On appeal, Gomez challenges the nexus conclusion, maintaining that his opposition to the gangs was illustrative of his political opinion.

Here, the record simply does not compel the conclusion that Gomez was mistreated by gang members on account of a statutorily protected ground; and substantial evidence supports the BIA's decision. The gang first targeted Gomez to rob him of his belongings for their own personal gain: evidence of mere criminal activity. Such evidence is insufficient to support a conclusion of persecution on a protected ground. See Ruiz v. U.S. Attorney Gen., 440 F.3d 1247, 1258 (11th Cir. 2006) ("evidence that either is consistent with acts of private violence . . . or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground").

That Gomez reported the gang to the police and the gang later targeted him because of his report does not demonstrate persecution based on political opinion. We have concluded that people who are harmed or targeted merely for resisting or refusing to cooperate with armed gangs are not being persecuted because of a political opinion. See Sanchez v. U.S. Attorney Gen., 392 F.3d 434, 438 (11th Cir. 2004) ("[p]urely personal retribution is . . . not persecution on account" of a protected ground). Gomez testified that he was part of no political groups and

presented no other evidence to indicate that the gang's interest in him was motivated by anything other than personal retribution.

Because Gomez failed to make the necessary showing that it was more likely than not a protected ground was at least part of the gang's motivation to persecute him, he is unentitled to withholding of removal.

PETITION DENIED.